NO. 07-09-0077-CR
NO. 07-09-0078-CR
NO. 07-09-0079-CR
NO. 07-09-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2009

_____

SYDNEY LYNN WEEKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NOS. 4088, 4089, 4090, 4091; HON. DAN MIKE BIRD, PRESIDING

_____

*On Abatement and Remand*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court are the appeals of Sydney Lynn Weeks. The clerk's record in each case was filed on March 5, 2009. Contained therein is the Trial Court's Certification of Defendant's Right of Appeal, which was executed on February 17, 2009, after amendments to Rule 25.2(d) of the Texas Rules of Appellate Procedure became

effective on September 1, 2007. The form on file does not comply with the amendments to the rule, which now require that a defendant sign the certification and receive a copy. Additionally, the new form provides certain admonishments to a defendant not previously required.[1]

Procedural rules generally control litigation from their effective date. *Wilson v. State,* 473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate these appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine if appellant desires to continue the appeals and, if so, secure a proper Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record for each case. *See* TEX. R. APP. P. 34.5(c)(2). The trial court shall cause these supplemental clerk's records to be filed with the Clerk of this Court by April 13, 2009. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If supplemental clerk's records containing a proper certification are not filed in accordance with this order, these matters will be referred to the Court for dismissal. *See* TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

---

[1]The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D to the 2008 Texas Rules of Appellate Procedure.